UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE MAGDALENO VIERA and EDIN EUCEDA,
individually and on behalf of all others similarly situated,

       Plaintiffs,

-against-

RUSH CAR WASH LLC and LAWRENCE RUSH, as an individual,

       Defendants.
-------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiffs, **JOSE MAGDALENO VIERA and EDIN EUCEDA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, through undersigned counsel, bring this action against **RUSH CAR WASH LLC and LAWRENCE RUSH, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 1199 Newbridge Rd., North Bellmore, NY 11710.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff JOSE MAGDALENO VIERA residing in Roosevelt, NY 11575, was employed by RUSH CAR WASH LLC from in or around July 2013 until in or around December 2020.

9. Plaintiff EDIN EUCEDA residing in Hicksville, NY 11801, was employed by RUSH CAR WASH LLC from in or around July 2015 until in or around July 2021.

10. Defendant, RUSH CAR WASH LLC is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 1199 Newbridge Rd., North Bellmore, NY 11710.

11. Upon information and belief, Defendant LAWRENCE RUSH, known to Plaintiff as "Larry", is the owner of RUSH CAR WASH LLC.

12. Upon information and belief, Defendant LAWRENCE RUSH is an agent of RUSH CAR WASH LLC.

13. Upon information and belief LAWRENCE RUSH is responsible for overseeing the daily operations of RUSH CAR WASH LLC.

14. Upon information and belief, LAWRENCE RUSH has power and authority over all the final personnel decisions of RUSH CAR WASH LLC.

15. Upon information and belief, LAWRENCE RUSH has the power and authority over all final payroll decisions of RUSH CAR WASH LLC, including the Plaintiff.

16. Upon information and belief, LAWRENCE RUSH has the exclusive final power to hire the employees of RUSH CAR WASH LLC, including the Plaintiff.

17. Upon information and belief, LAWRENCE RUSH has exclusive final power over the firing and terminating of the employees of RUSH CAR WASH LLC, including Plaintiff.

18. Upon information and belief, LAWRENCE RUSH is responsible for determining, establishing, and paying the wages of all employees of RUSH CAR WASH LLC, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendant LAWRENCE RUSH was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that RUSH CAR WASH LLC (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

21. Under the FLSA and NYLL, Plaintiff federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed in August 2022. As such, the relevant statutory period for Plaintiff claims asserted herein encompasses the entirety of the period spanning August 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## JOSE MAGDALENO VIERA

22. Plaintiff JOSE MAGDALENO VIERA was employed by RUSH CAR WASH LLC, as a driver and car cleaner while performing related miscellaneous duties for the Defendants, from in or around July 2013 until in or around December 2020.

23. Plaintiff JOSE MAGDALENO VIERA regularly worked five (5) days per week during the relevant statutory period.

3

24. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ended at approximately 6:00 p.m. or later.

25. Thus, Plaintiff was regularly required to work fifty (50) hours or more hours, during the relevant statutory period.

26. During the relevant statutory period, Plaintiff JOSE MAGDALENO VIERA was paid by Defendants at an flat hourly rate of approximately:
    i. $6.00 per hour from in or around August 2016 until in or around December 2017;
    ii. $12.50 per hour from in or around January 2018 until in or around December 2019; and
    iii. $13.50 per hour from in or around January 2020 until in or around December 2020.

27. Although Plaintiff regularly worked fifty (50) hours or more hours each week, during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Moreover, Defendants frequently only compensated Plaintiff for his approximately first forty hours, requiring Plaintiff to perform approximately ten (10) hours of work off-the-clock without receiving compensation for his overtime hours.

29. Further, Defendants failed to pay Plaintiff JOSE MAGDALENO VIERA the legally prescribed minimum wage for all his hours worked from in or around July 2016 until in or around December 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

### EDIN EUCEDA

30. Plaintiff EDIN EUCEDA was employed by RUSH CAR WASH LLC, as a driver and car cleaner while performing related miscellaneous duties for the Defendants, from in or around July 2015 until in or around July 2021.

31. Plaintiff EDIN EUCEDA regularly worked five (5) days per week during the relevant statutory period.

4

32. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ended at approximately 6:00 p.m. or later.

33. Thus, Plaintiff was regularly required to work fifty (50) hours or more hours, during the relevant statutory period.

34. During the relevant statutory period, Plaintiff EDIN EUCEDA was paid by Defendants at an hourly rate of approximately:
    i. $7.65 per hour from in or around August 2016 until in or around December 2016;
    ii. $7.85 per hour from in or around January 2017 until in or around December 2017;
    iii. $8.30 per hour from in or around January 2018 until in or around December 2018;
    iv. $9.00 per hour from in or around January 2019 until in or around December 2019;
    v. $11.40 per hour from in or around January 2020 until in or around December 2020; and
    vi. $14.00 per hour from in or around January 2021 until in or around July 2021.

35. Although Plaintiff regularly worked fifty (50) hours or more hours each week, during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

36. Moreover, Defendants frequently only compensated Plaintiff for his first forty hours, requiring Plaintiff to perform approximately ten (10) hours of work off-the-clock without receiving compensation for his overtime hours.

37. Further, Defendants failed to pay Plaintiff EDIN EUCEDA the legally prescribed minimum wage for all his hours worked from in or around August 2016 until in or around December 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON
## TO ALL PLAINTIFFS

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

39. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

40. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

41. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

42. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

44. Collective Class: All persons who are or have been employed by the Defendants as drivers, car cleaners or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

45. Upon information and belief, Defendants employed 18 to 24 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

46. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
47. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
48. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
49. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
50. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
52. The claims of Plaintiff are typical of the claims of the whole putative class.
53. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
54. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

55. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
56. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

57. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

66. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

67. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

69. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

70. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

71. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

72. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

73. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

74. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

75. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

76. Due to Defendants' NYLL violations, Plaintiffs is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
78. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).
79. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

80. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
81. Defendants failed to provide Plaintiffs with a written notice of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
82. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid minimum wages;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 24, 2022
Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MAGDALENO VIERA and EDIN EUCEDA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

RUSH CAR WASH LLC and LAWRENCE RUSH, as an individual,

Defendants,

### COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**RUSH CAR WASH LLC**
1199 Newbridge Rd., North Bellmore, NY 11710

**LAWRENCE RUSH**
1199 Newbridge Rd., North Bellmore, NY 11710

1390 Ridge Rd., Syosset, NY 11791