

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

June 14, 2023

**Via ECF**
The Honorable District Judge Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Viera, *et al* v. Rush Car Wash LLC, *et al***
Civil Docket No.: 22-CV-5007 (JMA)(LGD)

Dear Judge Azrack:

Our office represents Jose Magdaleno Viera and Edin Euceda (collectively, the "Plaintiffs") and we submit this motion jointly with counsel for Rush Car Wash LLC and Lawrence Rush (collectively, the "Defendants"), requesting the Court's approval of the parties' Settlement and Release Agreement (the "Settlement Agreement"). The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following a full-day Court-annexed mediation held on April 3, 2023.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I.    The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

a. **The Settlement Amount**

The parties agreed to resolve this matter for the total amount of $31,000.00, inclusive of attorneys' fees and costs, which are addressed below.

b. **Plaintiff's Position**

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that

they were not paid proper overtime wages when they were required to work in excess of forty (40) hours per workweek and that, for certain periods of their employment, Plaintiffs' hourly rates of pay fell below the applicable New York State minimum wage rates.

Plaintiffs allege that they were employed as car washers at Defendants' business located at 1199 Newbridge Road, North Bellmore, New York 11710. Plaintiff Viera alleged that he was employed for approximately four-and-a-half years during the relevant statutory period and Plaintiff Euceda alleged that he was employed for approximately five years during the relevant statutory period.

Plaintiffs alleged that they were regularly required to work up to fifty (50) hours per week, but that they compensated at the same regular hourly rate of pay for all hours worked, including approximately ten hours of overtime per week. Plaintiff Viera alleged that his regular hourly rate of pay fell below the minimum wage for the entirety of his employment within the relevant statutory period. Plaintiff Euceda alleged that his regular hourly rate of pay fell below the minimum wage for the years 2016 and 2017. As such, Plaintiffs alleged entitlement to the half-time rate of pay based on either their regular hourly rate of pay or the applicable minimum wage rate – whichever was higher – for approximately 10 hours of overtime per week for each week of employment within the relevant statutory period.

Based on the above, Plaintiffs initially alleged approximately $32,000.00 in unpaid minimum wages owed and approximately $34,000.00 in unpaid overtime wages owed.

However, in advance of the parties' mediation, Defendants produced time and pay records for both Plaintiffs. These records, if accepted as accurate by a fact-finder, could have substantially reduced Plaintiffs' potential recovery. Although Plaintiffs disputed the accuracy of Defendants' time records and the completeness of such records, Plaintiffs understood the potential risks created by this production. Based on the above, Plaintiffs' preference was for a negotiated and guaranteed recovery through early settlement.

c. **Defendants' Position**

Defendants produced hundreds of pages of detailed wage and time records for each Plaintiff confirming the compensation paid to Plaintiffs and the time worked by Plaintiffs. Defendants assert that these records demonstrate, among other things, that Plaintiffs exaggerated their alleged numbers of hours worked, exaggerated their alleged dates of employment, and were paid overtime wages. In fact, Defendants assert that the records demonstrated that Plaintiff Viera averaged only 43.74 hours per week and Plaintiff Euceda averaged only 34.24 hours per week and, that Plaintiffs received overtime payments during weeks in which they worked more than 40 hours. Defendants also assert that Plaintiffs lack Article III standing to bring their wage notice and wage statement claims. Moreover, each Plaintiff had their employment terminated and Defendants firmly believe that the reasons for such termination would serve as further evidence of their lack of credibility.

Although Defendants relied upon documentary evidence to substantiate their defenses and to demonstrate that Plaintiffs did not work nearly the hours or length of employment alleged, Plaintiffs contest the credibility of these records as well as Defendants' overall recordkeeping

practices. As such, due to the fact-intensive nature of Plaintiffs' claims and Defendants' defenses, it is likely that substantive answers to these disputed issues would not be resolved until after extensive written discovery, party and non-party depositions, followed by summary judgment briefing, if not a trial. Accordingly, Defendants recognize the utility in settling Plaintiffs' claims at this juncture.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $31,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted, the records produced, and the fact that the terms of the Settlement Agreement were achieved only after a full-day mediation with all parties present before a qualified and experienced wage-and-hour neutral. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, the number of hours worked by Plaintiffs and the amount of pay received by Plaintiffs, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. As such, the settlement amount represents a fair compromise over the outstanding factual and legal disputes that would not have likely been resolved until the time of trial.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 1 of the Settlement Agreement ("Release") is appropriately limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad since it is a release limited to only wage and hour claims.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.   Distribution to the Plaintiffs and Requested Attorneys' Fees and Expenses

#### a.   Distribution to the Plaintiffs

The parties agreed to a global settlement of $31,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $19,497.34, after requested attorneys' fees and reimbursement of expenses. Based on their individualized calculations of damages, Plaintiff Viera will recover $9,000.00 and Plaintiff Euceda will recover $10,497.34 from this settlement.

#### b.   Plaintiff's Counsel's Requested Attorneys' Fees and Expenses[1]

Plaintiff's counsel respectfully requests $1,754.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on all Defendants: $377.00
- the cost of the EDNY Court-annexed mediation: $975.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($29,246.00), or $9,748.66 in attorneys' fees, as agreed upon in Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $11,502.66.

As such, the settlement funds as broken down into component parts is as follows:

**Settlement Amount:** $31,000.00
**Attorneys' Expenses:** $1,754.00
**Net Settlement Amount:** $29,246.00 ($31,000.00 - $1,754.00)
**Requested Attorneys' Fees:** $9,748.66 ($29,246.00 / 3)
**Total payable to Attorneys:** $11,502.66 ($9,748.66 + $1,754.00)
**Total payable to Plaintiffs:** $19,497.34 ($31,000.00 - $11,502.66)

Our office and the Plaintiffs have retainer agreements that are reduced to writing and are signed by the Plaintiffs. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

---

[1]   Defendants take no position with respect to the reasonableness of Plaintiffs' counsel's fees and expenses.

Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV.  Closing

In closing, the parties believe that the settlement amount and the terms of the Settlement Agreement are fair and reasonable. The settlement was the product of good faith negotiations between experienced and competent counsel through the EDNY Court-annexed mediation program and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety and dismiss this action against Defendants with prejudice. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.